# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| ROSE MARIE MONTOYA and § <br> LONE STAR FAST FUNDING LLC, § <br>  § <br> Plaintiffs, § <br>  § <br> v. § <br>  § <br> DEUTSCH BANK, § <br>  § <br> Defendant. § | Civil Action No. 5:23-cv-1276 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Defendant Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-BR5, Mortgage Pass-Through Certificates, Series 2007-BR5 ("Deutsche Bank" or "Defendant") files this notice of the removal of this action from the 37th Judicial District Court of Bexar County, Texas. Defendant submits this Notice in support of its removal. Removal is based on diversity of citizenship jurisdiction. Defendant respectfully shows as follows:

## INTRODUCTION

1. On or about December 2, 2022, Plaintiff Rose Marie Montoya ("Montoya") and Plaintiff Lonestar Fast Funding, LLC ("Lonestar") (collectively "Plaintiffs") filed their *Plaintiffs' Original Petition* in Cause No. 2023CI21090 in the 37th Judicial District Court of Bexar County, Texas, styled *Rose Marie Montoya and Lone Star Fast Funding LLC v. Deutsch Bank* (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit A. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action, including the Petition, are attached hereto within the contents of Exhibit B.

2.       The allegations in the Petition relate to foreclosure proceedings on the real property located at 2430 Texas Avenue, San Antonio, Texas 78228 (the "Subject Property"). (*See* Petition at ¶ 5.1). In the Petition, Plaintiffs allege that Montoya is the current owner of the Subject Property which is subject to a home equity loan that Defendant owns. (*Id*. ¶ 5.1, 5.2). Plaintiffs allege the Property was mortgaged by Montoya's mother, Josephine C. Delgado ("Delgado"), who has since passed away and that Montoya inherited the Property from her. *Id.* Plaintiffs allege that Montoya became delinquent on her payments. (*Id*. ¶ 5.4). Plaintiffs allege that Defendant has failed to allow Montoya an opportunity to cure the default on the loan. (*Id*. ¶ 5.6, 5.7). Plaintiffs further allege that Montoya has procured Lonestar as a buyer for the property, but Defendant has failed to provide the payoff information needed to close the transaction. (*Id*. ¶ 5.7). Plaintiffs allege causes of action for common law fraud, for breach of contract and for wrongful foreclosure (*Id*. ¶ 6.1, 7.1, (first) 8.1). Further, Plaintiffs seek injunctive relief and reasonable and necessary attorney fees. (*Id.* at ¶ (second) 8.1, 9.1.)

3.       This Notice of Removal is timely because Defendant has not been served or appeared, making removal proper in accordance with 28 U.S.C. Section 1446(b).

4.       This action is removable to federal court pursuant to pursuant to the diversity jurisdiction conferred by 28 U.S.C. Section 1332.

### BASIS FOR REMOVAL – DIVERSITY JURISDICTION

**A.    There is complete diversity among all properly joined parties.**

5.       Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because the amount in controversy is well in excess of $75,000.00 exclusive of interest, costs, and attorneys` fees.

6.       Plaintiff, Rose Marie Delgado, is an individual and is a citizen of the state of Texas. (*See* Petition at ¶ 2.2).

7. Plaintiff, Lonestar Fast Funding, LLC ("Lonestar") is a limited liability corporation, and its citizenship is determined by its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Based on records from the Texas Secretary of State, its managing members are William E. Dimick, III and Logan B. Fullmer. Mr. Dimick is an individual whose residence is in San Antonio, Texas, and so, is a citizen of Texas. Mr. Fullmer is an individual whose residence is in San Antonio, Texas and so, is a citizen of Texas. Lonestar, therefore, is a citizen of Texas.

8. Defendant Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-BR5, Mortgage Pass-Through Certificates, Series 2007-BR5 ("Deutsche Bank" or "Defendant"), is a national bank that is being sued herein as the trustee of a mortgage-securitization trust. A trustee that possesses "customary powers to hold, manage and dispose of assets," is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see BAC Home Loans Servicing, LP v. Tex. Realty Holdings, LLC*, 901 F. Supp. 2d 884, 907–09 (S.D. Tex. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name (and does so), the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Trust v. ConAgra Foods Inc.*, 136 S. Ct. 1012, 1016 (2016) (citing *Navarro*, 446 U.S. at 462–66). A national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); *Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004). According to its articles of association, Deutsche Bank National Trust Company has its main office in California. *See Lewis v. Deutsche Bank Nat'l Tr. Co.*, No. 3:16-

CV-133, 2017 U.S. Dist. LEXIS 57025, at *9 (S.D. Tex. Apr. 13, 2017). Therefore, Deutsche Bank is a citizen of California for diversity purposes.

### B.   Plaintiffs' request for injunctive relief and damages exceeds $75,000.00.

1.   When a plaintiff does not allege in his state-court petition a specific amount of damages, to establish the amount-in-controversy requirement for diversity jurisdiction the removing defendant's notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* If the defendant's allegation of the amount in controversy is then contested by the plaintiff, removal is proper "if the district court finds, by the preponderance of evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id* at 553–54 (internal quotes removed).

2.   In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, in those cases the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). In response to a foreclosure, when someone seeks to "enjoin[] a lender from transferring property and preserv[e] an individual's ownership interest, it is the property itself that is the object of litigation; the value of that property represents the amount in controversy." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (internal citation omitted).

3. Plaintiffs seek, *inter alia*, to enjoin Defendant from exercising its right to foreclosure pursuant to a default on the mortgage note and a breach of the deed of trust. (*See* Petition at Prayer). If Plaintiffs are granted this relief as requested, Defendant would arguably lose its interest in the Property. (*Id.*) The Bexar County Central Appraisal District values the Property at $234,098.00, an amount well in excess of $75,000.00. (*See* Exhibits. C, C-1.) For this reason alone, the amount-in-controversy requirement has been met.

4. "Reasonable bases for valuing properties include 'purchase price, market value, or outstanding principal and interest.' This court considers market value to be the preferred method." *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016) (citations omitted). A defendant who attaches to a notice of removal the local appraisal district's summary showing the market value of the property exceeds $75,000.00 meets the burden of establishing that diversity jurisdiction exits. *See id.* at *6; *see also Govea v. JPMorgan Chase Bank, N.A.*, No. H-10-3482, 2010 U.S. Dist. LEXIS 130940, at *11 (S.D. Tex. Dec. 10, 2010); *Funke v. Deutsche Bank Nat'l Tr. Co.*, Civil Action No. 5:14-CV-307, 2014 U.S. Dist. LEXIS 104438, at *5–6 (W.D. Tex. July 31, 2014); *Johnson v. Wells Fargo Bank, N.A.*, No. 4:12CV768, 2013 U.S. Dist. LEXIS 41583, at *7 (E.D. Tex. Feb. 22, 2013).

5. In addition, attorneys' fees claimed under a contractual or statutory provision are included as part of the amount in controversy. *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933)); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (holding attorney's fees authorized by statute are considered in determining the amount in controversy); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864 (5th Cir. 2002) (though considering attorney's fees in a putative class

action, to like effect). Through trial, Plaintiffs will more likely than not incur at least $10,000.00 in attorneys' fees for pursuing its claims against Defendant.

6. Defendant categorically denies that Plaintiffs are entitled to an award of damages in any amount, but there can be no question that the Plaintiffs' Petition places an amount in controversy that significantly exceeds $75,000.00.

## VENUE

9. Venue for removal is proper in this district and division, the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 37th Judicial District Court of Bexar County, Texas, the forum in which the removed action was pending.

## NOTICE

10. Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 37th Judicial District Court of Bexar County, Texas.

11. The contents of Exhibit B constitute the entire file of the State Court Action.

## CONCLUSION

For the reasons described above, Defendant respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
   14160 North Dallas Parkway, Suite 900
   Dallas, TX 75254
   Telephone: (214) 635-2650
   Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

## List of all Counsel of Record

For Plaintiffs Rose Marie Montoya and Lonestar Fast Funding, LLC:

Geoffery Mayfield
Texas Bar No. 24051011
Attorney at Law, P.C.
14603 Huebner Road
Building 32
San Antonio, Texas 78229
Tel: 210.5350870
Telefax: 210.525.8699
geoff.mayfield@gmail.com


For Defendant Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-BR5, Mortgage Pass-Through Certificates, Series 2007-BR5:

Mark D. Cronenwett
Texas Bar No. 00787303
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 (Fax)
mcronenwett@mwzmlaw.com

## INDEX OF DOCUMENTS ATTACHED

Exhibit A     Copy of the Docket Sheet for Cause No. 2023CI21090 in the 37th Judicial District Court, Bexar County, Texas;

Exhibit B     Pleadings in 2023CI21090 in the 37th Judicial District Court, Bexar County, Texas;

     B-1     Plaintiffs' Original Petition, filed September 28, 2023

     B-2     Cash Bond Deposit in Lieu of TRO Bond, dated September 29, 2023

     B-3     Temporary Restraining Order, Signed September 29, 2023

Exhibit C     Declaration of Mark D. Cronenwett

     C-1     Data Sheet from the Bexar County, Texas Central Appraisal District website on October 8, 2023.

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing instrument was served via regular U.S. Mail on October 10, 2023, upon the following:

Geoffery Mayfield  
Attorney at Law, P.C.  
14603 Huebner Road  
Building 32  
San Antonio, Texas 78229

              */s/Mark D. Cronenwett*  
              **MARK D. CRONENWETT**